IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LEON HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:25-cv-1007-STA-jay |
| ) | |
| JUDGE MOORE et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**
**ORDER ON APPELLATE ISSUES**

On February 5, 2025, the United States Magistrate Judge issued a report and recommendation (ECF No. 11) that the Court dismiss Plaintiff Leon Hawkins' Pro Se Complaint as frivolous. The Magistrate Judge pointed to the fact that Hawkins has previously filed three different lawsuits against some of the same parties named in the case now before the Court and that in each instance the Court has dismissed the suit. The Magistrate Judge further noted that he was entering the same recommendation of dismissal in three other civil cases still pending before the Court. The Magistrate Judge's recommended disposition of the case would result in the dismissal of the action in its entirety. Finally, the Magistrate Judge recommended that the Court either warn Hawkins about the possibility of the Court imposing filing restrictions or restrict Hawkins from filing future civil actions, continuing to raise his frivolous claims.

Plaintiff had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiff has not objected to the report and its recommended conclusions of law, and

1

the time to object has now expired.[1] Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended that the Court dismiss Plaintiff's case *sua sponte* as frivolous pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

In the absence of any objection to the Magistrate Judge's recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. This matter is hereby **DISMISSED**. The Clerk of Court is directed to enter judgment. Based on Hawkins's multiple attempts to litigate the issues set forth in this lawsuit, the Court orders Hawkins to refrain from filing in this Court any more cases concerning the following issues: claims involving the order of

---

[1] On January 15, 2025, the Clerk of Court mailed Hawkins a courtesy copy of the docket sheet after the United States District Court for the Middle District of Tennessee transferred the case to this District. On February 12, 2025, the mailing was returned to the Clerk as undeliverable. This is the only instance in the case of any mail from this Court not reaching Plaintiff. On February 14, 2025, the Magistrate Judge ordered Hawkins to update his mailing address within 14 days and cautioned him that failure to do so could result in the dismissal of his case. Hawkins has not taken steps to update his contact information.

protection that was entered against him concerning his wife, his incarceration in 2021-2022, his wife being assaulted, his wife becoming missing, and Hawkins becoming homeless. Should Plaintiff Leon Hawkins persist in filing any future lawsuits involving these issues, the Court warns Hawkins that the Court is likely to impose pre-filing restrictions or other sanctions to deter future abusive or vexatious conduct.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, the frivolous nature of Hawkins's suit and Plaintiff's failure to make any timely objection to the Magistrate Judge's report and recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the

appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 3, 2025

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.